# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anselmo GARCIA-DONIS,<br><br>　　Petitioner,<br><br>　　v.<br><br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, Attorney General, U.S. Department of Justice; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Daniel BRIGHTMAN, Director, San Diego Field Office, Immigration and Customs Enforcement, Enforcement and Removal Operations; Christopher J. LAROSE, Warden, Otay Mesa Detention Center; U.S. DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFORCEMENT; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,<br><br>　　Respondents. | Case No.: 3:25-cv-03281-BTM-BJW<br><br>**ORDER GRANTING PETITION FOR THE WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Pending before the Court is Anselmo Garcia-Donis's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court GRANTS the petition and ISSUES the writ.

## I. BACKGROUND

Anselmo Garcia-Donis was arrested on November 12, 2025, and placed in removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). (*See* ECF No. 1 ("Pet."), 12–13; ECF No. 7, 2.) The Respondents allege that Garcia-Donis entered the United States fifteen years ago without admission or parole. (*Id.* at 1.) They had placed Garcia-Donis in removal proceedings in 2023 and closed the proceedings in 2024. (*Id.* at 12.) But on November 12, the Respondents redetained Garcia-Donis and reopened removal proceedings against him.

Garcia-Donis then requested a bond determination hearing before an immigration judge. (*Id.* at 12–13.) On November 24, 2025, an immigration judge found that they lacked jurisdiction over his case and denied the request. (*Id.*) *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 228 (B.I.A. 2025). That same day, Garcia-Donis petitioned the Court for a writ of habeas corpus on the claims that his detention violates (1) 8 U.S.C. § 1226, (2) Immigration and Customs Enforcement regulations, (3) the Administrative Procedure Act, and (4) the Due Process Clause of the U.S. Constitution. (Pet., 13–15.) He also moved the Court for a temporary restraining order pending a decision on his petition. Lastly, Garcia-Donis requested costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and "any other basis justified under law." (Pet., 16.)

## II. DISCUSSION

The facts and legal arguments are similar to those presented in the Court's recent decision, *Amaya v. Noem*, 25-cv-02892-BTM-DEB, 2025 WL 3182998 (S.D. Cal. Nov. 13, 2025). The Court adopts *Amaya*'s reasoning and applies it to this case.

The Court finds that it has jurisdiction under 28 U.S.C. § 2241 because Garcia-Donis challenges the legality of his detention under Section 1225, not a discretionary decision by the Attorney General. The Respondents waived their claim that Garcia-Donis failed to

exhaust his administrative remedies by addressing it in a footnote. In any event, Petitioner tried to exhaust his administrative remedies by seeking a bond hearing which was denied. Further exhaustion in light of the BIA's decision in *Hurtado* would be futile. On the merits, Garcia-Donis is entitled to the writ of habeas corpus for the same reasons discussed in *Amaya*:

> The facts alleged are undisputed. Petitioner is a long-term resident of the United States. He was apprehended in the interior of the United States, not near the border or a port of entry. He is not an applicant for admission. He may not be denied a bond hearing based on Respondents' contention that his case falls within Section 1225.

2025 WL 3182998, at *2.

### III. CONCLUSION

The petition for a writ of habeas corpus is **GRANTED** on the first claim and the writ is **ISSUED**. The Respondents are enjoined from detaining Garcia-Donis under 8 U.S.C. § 1225. The Respondents must also provide him with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within ten (10) days of the entry of this order. The Respondents shall not deny his bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. In the absence of a bond hearing as ordered, the Respondents shall release Garcia-Donis from custody.

The remaining claims are **DISMISSED** without prejudice as moot. Garcia-Donis's motion for a temporary restraining order is **DENIED** as moot. The parties shall file a statement as to the satisfaction of the writ by December 16, 2025, at 5 p.m. The Court retains jurisdiction to enforce the writ.

//
//
//
//
//
//

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Respondents shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: December 3, 2025

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge